IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JOHNNY L. WILSON, A82195, | ) |
| Plaintiff, | ) |
| vs. | ) Case No. 23-cv-3186-DWD |
| CARISSA LUKING, YOKO SAVINO, and PATRICK A. RIGGS, | ) |
| Defendants. | ) |

## MEMORANDUM & ORDER

**DUGAN, District Judge:**

This matter is before the Court on Plaintiff's motion for recruitment of counsel. (Doc. 87). Plaintiff seeks appointment of counsel to represent him concerning his Complaint brought under 28 U.S.C. § 1983.

When reviewing a request for pro bono counsel under 28 U.S.C. § 1915(e)(1), courts make the following two inquiries: (1) whether plaintiff has made reasonable attempts to obtain counsel or been precluded from doing so; and if so, (2) whether plaintiff can adequately represent himself given the complexity of his claims and his own competency. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007). Plaintiff demonstrated his reasonable attempts to obtain counsel in his initial Motion for Recruitment of Counsel (Doc. 3) by way of letters from attorneys and legal clinics turning down his requests for representation.

Under the second prong, this Court finds that Plaintiff requires counsel to assist him going forward given his impediments to self-representation and the complexity of

his claims. Plaintiff's previous motions and pleadings in the instant matter have been difficult to discern and show a limited understanding of the relevant legal procedures. Further, Plaintiff states that he only completed formal education through the fourth grade. Plaintiff also struggled to represent himself during his *Pavey* Evidentiary Hearing held on February 6, 2025. (Doc. 81). Plaintiff's claims will require him to gather and then present evidence concerning the alleged insufficient medical care that resulted in the partial amputation of his foot. The Court recognizes that the efficient presentation of such evidence can be complex and demanding such that the Plaintiff will likely not be able to effectively represent himself.

Upon review of the docket, and in consideration of the *Pruitt* factors, this Court finds that Plaintiff requires counsel to assist him going forward, given his impediments to self-representation that include limited years of formal education, trouble communicating with the Court, and the complexity of his serious medical issues that are the basis of his claims.

The motion is therefore **GRANTED**. Plaintiff's request to stay discovery deadlines pending the entry of his counsel's appearance is also **GRANTED**. Counsel has been randomly selected through the Case Management/Electronic Case Filing ("CM/ECF") system to represent Plaintiff in this case.

**IT IS HEREBY ORDERED** that, for the reasons stated, and in accordance with 28 U.S.C. § 1915(e)(1) and Local Rule(s) 83.1(j) and 83.9(b), attorney **THOMAS D. DONOFRIO** of **TRESSLER LLP** in Chicago, Illinois is **ASSIGNED** to represent Plaintiff Johnny L. Wilson in this civil rights case. On or before June 16, 2025, assigned counsel

shall enter his/her appearance in this case. Counsel is free to share responsibilities with an associate who is also admitted to practice in this district court. Assigned counsel, however, must enter the case and shall make first contact with Plaintiff, explaining that an associate may also be working on the case. Plaintiff should wait for his attorney to contact him in order to allow counsel an opportunity to review the court file.

The Clerk of Court is **DIRECTED** to transmit this Order and copies of the docket sheet and Docs. 1, 82, 83, 87 to attorney Donofrio. The electronic case file is available through the CM-ECF system.

Now that counsel has been assigned, Plaintiff <u>shall not</u> personally file anything in this case, except a pleading that asks that he be allowed to have counsel withdraw from representation. If counsel is allowed to withdraw at the request of Plaintiff, there is no guarantee the Court will appoint other counsel to represent Plaintiff.

**IT IS FURTHER ORDERED** that the Motion for Grievance (Doc. 75) filed by Plaintiff *pro se* is **DENIED** without prejudice so that assigned counsel can evaluate how to proceed.

Counsel is **ADVISED** to consult Local Rules 83.8-83.14 regarding *pro bono* case procedures.

Because Plaintiff is proceeding *in forma pauperis*, he may proceed without *prepayment* of the filing fee. If Plaintiff should recover damages in this action (either by verdict or settlement), Plaintiff and his counsel are **ADVISED** that Plaintiff will be obligated to pay the filing fee out of his monetary recovery.

Section 2.6 of this Court's Plan for the Administration of the District Court Fund provides for a degree of reimbursement of *pro bono* counsel's out-of-pocket expenses, as funds are available. The Plan can be found on the Court's website, as well as the form motion for out-of-pocket expenses and an Authorization/Certification for Reimbursement. Any motion for reimbursement must be made within 30 days from the entry of judgment, or reimbursement will be waived. *See* SDIL-LR 83.13. The funds available for this purpose are limited, however, and counsel should use the utmost care when incurring out-of-pocket costs. In no event will funds be reimbursed if the expenditure is found to be without a proper basis. The Court has no authority to pay attorney's fees in this case. No portion of a partial filing fee assessed pursuant to 28 U.S.C. § 1915 will be reimbursed. Counsel may be reimbursed for PACER fees for this case.

The district court has entered into an agreement with attorney Alan Mills and the Uptown People's Law Center to consult with lawyers on issues in these cases, including substantive and procedural questions (both legal and practical) and dealing with the client. Mr. Mills can be reached by email at alan@uplcchicago.org. He can also be reached by phone at 773-769-1411; however, email is his preferred means of contact. His services are available to counsel free of charge, as long as counsel is representing a prisoner *pro bono* on a case in the district. In addition, the Court's website, www.ilsd.uscourts.gov, includes a guide for attorneys which is available as a resource. It is listed under "Rules and Forms" as "Guide for Attorneys Recruited to Represent Plaintiffs in Section 1983 Cases." The Court encourages appointed counsel to consult it and Mr. Mills as needed.

As of this date, Plaintiff's contact information is:

**Johnny L. Wilson, No. A82195**
**PINCKNEYVILLE CORRECTIONAL CENTER**
**5835 State Route 154**
**PO Box 999**
**Pinckneyville, IL 62274**

**SO ORDERED.**

Dated: May 15, 2025

                                              */s David W. Dugan*
                                              DAVID W. DUGAN
                                              United States District Judge